13295

GENERAL MOTORS ACCEPTANCE CORP. v. WHITEHEAD

(161 S. E., 494.)

*Mr. Philip H. Arrowsmith,* for appellant,

*Messrs. Frank G. Tompkins* and *Willcox & Hardee,* for respondent,

December 9, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This suit, commenced in the County Court for Florence County, is an action by the plaintiff, General Motors Acceptance Corporation, to recover possession of an automobile sold by the Brown Chevrolet Company to E. H. Whitehead, defendant herein, who executed conditional sales contract, "by the terms of which he agreed to pay in installments the agreed balance of $290.00 for the machine," under which contract the plaintiff claims, alleging that it came into possession of the same by transfer and assignment before maturity, in due course. The plaintiff, in the prayer of the complaint, did not ask for the balance owing under the contract, which it alleged to be $190.00, but asked for judgment for possession of the automobile, or for the value of the same, which it alleged to be $225.00, and also asked for damages, actual and punitive, in the sum of $500.00. In his answer, the defendant alleged that the Brown Chevrolet Company was the agent of the plaintiff in handling the said transaction, and that the said company "misrepresented the mechanical condition of the automobile, which was a used car, in a number of material particulars, and counterclaimed for Five Hundred ($500.00) Dollars." To the counterclaim, the plaintiff filed a reply, denying the same. The case was thereafter, at the November, 1930, term of said Court, tried before his Honor, County Judge R. W. Sharkey, and a jury. At the conclusion of the testimony the plaintiff made a motion for a directed verdict, based upon the following grounds:

"Mr. Hardee: Your Honor, I would like to make a motion for a directed verdict on two grounds. First: Upon the ground that there is no testimony tending to show that the

Brown Chevrolet Company is an agent of the plaintiff, the G. M. A. C. and that the testimony shows the plaintiff to be a *bona fide* holder for value in due course of the note and conditional sales contract and that it is, under that contract, entitled to the possession of the property.

"Second: Upon the ground that there is no testimony admitted in evidence from which a conclusion could be reached by the jury that there was any fraud in the procurement of the contract, and that the contract itself is to the effect that there are no warranties, express or implied. The testimony shows it was signed by the defendant, an intelligent, mature attorney who has a better understanding of the contract than even did the seller and that all testimony as to any warranties is inadmissible and has been so held by this Court, and that the plaintiff is entitled to have the counterclaim dismissed for that reason. We move for a directed verdict and for the dismissal of the counterclaim on those two grounds."

The trial Judge made the following ruling on the motion:

"The Court: On the first ground, I think there was some evidence of agency and I overrule your motion on that ground.

"As to the second ground, we have gone over that. Do you care to make any argument, I don't think it is necessary. I will grant the motion on the second ground and we will submit to the jury, as the only issue of fact, the value of the car."

The jury returned a verdict to the effect that the plaintiff should have judgment for possession of the property described in the complaint, or its value thereof, the sum of $112.50.

From the ruling of the trial Judge and the judgment entered on the verdict the defendant has appealed to this Court.

While appellant presents several exceptions as stated by appellant, there is only one question raised, and that is whether or not the defendant is precluded

"from showing the fraud that was practised upon him because of his signing the conditional sales contract containing the expression, 'no warranties expressed or implied have been made by the seller unless indorsed hereon in writing.' "

Upon the trial of the case, the defendant offered testimony tending to show that the seller of the automobile in question, at the time of the said sale, made inducing representations to the defendant as to the quality and the true condition of the same, inducing the defendant to purchase the said property and enter into said contract, and that such representations were untrue—all of which testimony the trial Judge excluded. In support of the ruling of his Honor, the trial Judge, the respondent cites the case of *Colt Co. v. Britt,* 129 S. C., 233, 123 S. E., 845, 847, and quotes therefrom the following statement: "One cannot avoid a written contract into which he has entered on the ground that he did not attend to its terms, that he did not read the document which he signed, that he supposed it was different in its terms, or that it was a mere form." Also: "One guilty of inexcusable inattention to the protection of his own interests may be estopped to claim relief on the ground of fraud."

In our opinion, the case at bar is governed by the cases of *Continental Jewelry Co. v. Kerhulas,* 136 S. C., 496, 134 S. E., 505, 506, and *Southern Iron & Equipment Co. v. Railway Co.,* 151 S. C., 506, 149 S. E., 271, and authorities therein cited. Under the trial Judge's ruling, in the case at bar, there was testimony to the effect that the Brown Chevrolet Company was the agent of the plaintiff in the sale of the said automobile, and therefore all acts on the part of the Brown Chevrolet Company, in the said sales transaction, are binding on the plaintiff. A directed verdict against the defendant was approved by this Court in the *Britt case* upon the theory that the only reasonable inference to be drawn from the testimony was that the defendant, in signing the contract in question in that case, was guilty "of inexcusable

inattention, tantamount to a willful disregard of his duty to protect his own interests in the transaction, which proximately contributed to his injury, and that such misconduct should be held to preclude him from asserting a right to avoid the contract for fraud." As pointed out by Mr. Justice Blease (now Chief Justice), in the opinion in the *Kerhulas case,* in considering contracts of the nature involved, there are two well-established principles to be kept in mind: "The first of these is the rule that, generally, parol testimony cannot be offered to vary the terms of a written agreement. The second is that actionable fraud will vitiate a contract. These two principles are not in conflict. They can and do aid materially in a proper administration of justice." In connection with this statement of the rule, Mr. Justice Blease, in the same opinion, calls attention to the following language of the late Justice Gage in the opinion in the case of *Parham-Thomas-McSwain v. Atlantic Life Insurance Co.,* 111 S. C., 37, 96 S. E., 697, which we quote with approval at this time: "It is axiomatic that a written agreement betwixt two persons merges all prior talk about the subject of the agreement. * * * But it is just as well established that if the writing was procured by words and with a fraudulent intent of the party claiming under it, then parol evidence is competent to prove the facts which constitute the fraud. The fraud, of course, would not in the very nature of the case appear on the face of the paper writing, and it may have been conceived at a time prior to the execution of the paper, and be evidenced by acts done before that time. Indeed, if one party should set on foot a scheme to defraud another party and go about it, there is no sort of subsequent acknowledgment, short of a frank disclosure and condonation, which the first party may get from the second party that will reform a crooked transaction into an honest one."

The respondent lays considerable stress upon the fact that the defendant is an attorney, and therefore knew, or should have known, the force and effect of

the contract he signed. The defendant's knowledge of contracts was a proper matter for the consideration of the jury, but the fact that he was a lawyer and had a knowledge of contracts did not deprive him of the right to have his case tried under the principles of law above stated. We, of course, express no opinion as to the force and effect of the defendant's testimony, but it is certainly responsive to the pleadings, and, if believed, which was an issue for the jury, he was entitled to the relief asked for in his answer. The testimony offered on the part of the defendant, which the trial Judge refused to submit to the jury, tended to show that in buying the automobile in question the defendant was entirely ignorant of its condition and mechanical make-up, and relied altogether upon the representations of the salesman of the Brown Chevrolet Company, agent of the plaintiff; that the said agent represented to the defendant that the automobile was in "A-1 mechanical condition" and had not been driven more than 7,500 miles; that in reliance upon these representations he read and signed the contract. The testimony further tends to show that the defendant did not know and had no reasonable means of ascertaining the condition of the car, other than as represented by said salesman; that in two or three days after purchasing said car "he found that he had been deceived, cheated, and defrauded, and immediately made his protest"; that he continued to protest, and, in reliance upon the repeated promises of the said agents that they would remedy the situation and make the default good, he made four payments on the car, in the hope and with continued reliance upon their good faith and honesty; that finally, when the parties from whom he purchased the car would not make good the loss, he wrote a letter to the said agents for the purpose of rescinding the said contract, and tendered the machine to them and demanded a refund of his money and the return of the automobile he had traded in to them as a part payment on the car in question.

In our opinion, this testimony, offered by the defendant in response to the pleadings made an issue for the jury, and we think, the trial Judge erred in directing a verdict.

It is therefore the judgment of this Court that the judgment of the lower Court be, and the same is hereby, reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.